## HAYWOOD GAMBLE *v.* THE STATE.

EVIDENCE. — It is the province of the jury to pass upon the credibility of testimony adduced before them, and, if found sufficient to sustain the verdict, the judgment will not be disturbed on account of a conflict of evidence.

APPEAL from the District Court of Houston. Tried below before the Hon. R. S. WALKER.

The conviction was for theft of a gelding.

*L. W. Cooper*, for the appellant.

*W. B. Dunham*, Assistant Attorney-General, for the State.

WHITE, J. It has been earnestly insisted, in the brief of counsel for appellant, that this case should be reversed for want of certainty and sufficiency of the evidence of defendant's guilt. This is the only error complained of. If the statements of defendant's witnesses could have been relied upon as to the main fact, to wit, that he had purchased the gelding, then, undoubtedly, his acquittal would and should have followed as a matter of course.

The jury do not, however, seem to have given credence to the testimony of these witnesses, and we cannot say that in so doing they have committed an error. Besides some conflict in regard to the details of the transaction, their evidence is directly contradicted by a witness who testified to the declarations made him by defendant himself as to the manner in which he acquired possession of the gelding. All these witnesses were before the court and jury, and they were in a position better to determine than this court, from their mode and manner of testifying, what credibility should be given them. The jury, upon their oaths, have found him guilty, under a charge in which the law was most

ably and fully explained; and the learned judge who heard the whole case has sanctioned their finding by refusing defendant a new trial. Laying aside the testimony of defendant's witnesses, the other testimony is amply sufficient to sustain the verdict and judgment.

Believing that defendant has had a fair and impartial trial, and being unable to see that any injustice has been done, the judgment of the lower court is in all things affirmed.

*Affirmed.*